IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20273
Conference Calendar

_____


ANZETTA SMITH,

                                        Plaintiff-Appellant,

versus

MIKE SCHWARTZ; JAMES SEEMAN; WILLIAM HATTEN,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-4323
--------------------
October 29, 2002
Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Anzetta Smith, Texas prisoner No. 529054, seeks leave to proceed in forma pauperis ("IFP") on appeal.  The district court denied Smith's FED. R. CIV. P. 60(b) motion for relief from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous.  The court denied Smith's motion to appeal IFP and certified that the appeal was not taken in good faith.  By moving for IFP, Smith is challenging the district court's certification.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his Rule 60(b) motion, Smith sought to reopen the judgment in order to amend the complaint to sue new defendants based on an entirely new theory of recovery. Smith has failed to show that the district court abused its discretion by denying the motion to amend. Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). The instant appeal is without arguable merit and is thus frivolous. Accordingly, it is DISMISSED. Howard v. King, 707 F.2d 215, 219-220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The district court's dismissal of the complaint as frivolous and this court's dismissal of the appeal count as two "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Smith is CAUTIONED that if he accumulates one more "strike" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; IFP MOTION DENIED; THREE-STRIKES WARNING ISSUED.